IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RAYMOND BUJNOCH,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO._____ |
| **FCA US LLC,** | § § § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Raymond Bujnoch, ("Plaintiff" or "Mr. Bujnoch") Individually, files this Original Complaint against FCA US LLC ("FCA" or "Defendant") and would show the Court as follows:

## I.
## PARTIES

1.01   Plaintiff Raymond Bujnoch is a citizen and resident of Corpus Christi, Nueces County, Texas.

1.02   Defendant FCA US LLC is a non-resident Delaware limited liability company engaged in and doing business in Texas. Defendant FCA's principal place of business is located in Michigan. Defendant FCA may be served with process through its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE

2.01   Since complete diversity of citizenship exists between the Parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.

2.02   Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred in Nueces County, Texas which is in the Southern District—Corpus Christi Division. Plaintiff would show that the incident at issue occurred in Corpus Christi, Nueces County, Texas.

## III.
### FACTS

3.01   This lawsuit arises out of an incident that occurred on or about January 31, 2021 and involves a 2014 Jeep Grand Cherokee Overland, VIN#: 1C4RJECG1EC548072 ("the Vehicle"). The Vehicle was equipped with an Active Head Restraint ("AHR") system. This system is designed to restrain the passenger's head during a rear-end collision.

3.02   At the time of the incident, Mr. Bujnoch was riding as a restrained front seat passenger in the Vehicle driven by his girlfriend in Corpus Christi, Texas. Suddenly and without warning the headrest behind Mr. Bujnoch spontaneously deployed striking the rear of his head causing severe injuries. There was no rear-end collision or other impact precipitating the AHR deployment.

## IV.
### STRICT LIABILITY AND NEGLIGENCE CLAIMS AGAINST DEFENDANT FCA

4.01   The Vehicle at issue in this suit was designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce by and through the agents and/or representatives of FCA.

4.02   FCA was regularly engaged in the business of supplying or placing products, like the Vehicle in question, in the stream of commerce for use by the consuming public, including Plaintiff.  Further, such conduct was solely for commercial purposes.

4.03   The Vehicle in question remained unchanged from the time it was originally manufactured, distributed and sold by FCA until it reached Plaintiff and ultimately led to his

injuries. Stated another way, the Vehicle in question was defective and in an unreasonably dangerous condition at all times until it ultimately caused the injuries and damages asserted herein.

4.04 At the time the Vehicle was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the Vehicle would be used by persons such as Plaintiff in the manner and application in which it was being used at the time Decedent suffered his injuries.

4.05 There were no mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable to the Vehicle at the time of manufacture and that governed the product risk that allegedly caused harm. Alternatively, the design of the Vehicle did not comply with mandatory safety standards or regulations adopted by the federal government that were applicable to the vehicle model at the time of the manufacture and governed the risks that caused Plaintiff's injuries. Again, in the alternative, in the event that such standards were in effect, and they were complied with, they were nonetheless inadequate to protect the public from unreasonable risks of injury or danger, or the manufacturer, before or after marketing the Vehicle, withheld or misrepresented the information or material irrelevant to the federal governments or agencies determination of adequacy of the safety standards or regulations at issue in the action.

4.06 With respect to the design of the Vehicle, at the time it left the control of FCA, there were safer alternative designs. Specifically, there were alternative designs that, in reasonably probability, would have prevented or significantly reduced the risk of injury to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of FCA by the application of existing or reasonably achievable scientific knowledge.

4.07 At the time the Vehicle left the control of FCA, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured or marketed to minimize the risk

of injury. By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

    a.    the AHR system was defectively designed because it deployed abruptly without any triggering event;

    b.    the AHR was defectively designed because it utilized inferior plastic materials that fail to prevent unintended deployment; and

    c.    the warnings and instructions for the Vehicle were inadequate.

    4.08    The above unreasonably dangerous defects in the Vehicle in question were the proximate and producing cause of Plaintiff's injuries and damages.

    4.09    Defendant FCA breached its duty of care and was thus negligent by:

    a.    designing and distributing the Jeep Grand Cherokee Overland model with a design standard that was intended to meet the minimum government regulations, instead of safely designing the vehicle to reasonably minimize injuries in foreseeable uses;

    b.    failing to adequately monitor the performance of Defendant's vehicles in the field to ensure that they were reasonably minimizing injuries in foreseeable uses;

    c.    failing to adequately test the Jeep Grand Cherokee Overland model to ensure that it would be reasonably safe in foreseeable uses;

    d.    failing to design the AHR system in the Jeep Grand Cherokee Overland model to prevent unintended deployment;

    e.    failing to design the AHR system in the Jeep Grand Cherokee Overland model to not deploy absent a rear-end collision;

    f.    failing to adequately test the AHR system for the Jeep Grand Cherokee Overland model to ensure that they would be reasonably safe in foreseeable uses;

    g.    failing to design the AHR system and seat in compliance with Federal Motor Vehicle Safety Standards; and

    h.    failing to recall, retrofit, or issue post-sale warnings after Defendant knew or should have known that the Jeep Grand Cherokee Overland model was defective and unreasonably dangerous.

## V.
## DAMAGES

5.01　As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages. Pursuant to TRCP 47, Plaintiff seek monetary relief over $1,000,000.00.

5.02　As a proximate result of the negligence of Defendant described above, Plaintiff Raymond Bujnoch is entitled to bring this cause of action for all damages suffered as a result of the injuries sustained in the incident made basis of this suit, including but not limited to:

  a.　Past and future medical expenses;

  b.　Past and future lost wages;

  c.　Past and future pain and suffering;

  d.　Past and future mental anguish;

  e.　Past and future disfigurement; and

  f.　Past and future impairment.

## VI.
## EXEMPLARY DAMAGES

6.01　Upon information and belief, there have been hundreds of complaints to the National Highway Traffic Safety Administration regarding this exact scenario happening to other unsuspecting drivers and passengers in vehicles going back to 2015. Furthermore, a certified class action lawsuit was filed against Defendant in 2018 in the Eastern District of California regarding the specific defect complained of herein. Defendant had ample notice that the AHR in its vehicles, including the subject vehicle are defective and dangerous products; yet, Defendant has undertaken no steps to protect the motor public, including Plaintiff from injuries resulting from the defective and dangerous AHR system in its vehicles.

6.02　Plaintiff alleges that each and every negligent act or omission of Defendant and its agents, as set forth above, when viewed objectively from the standpoint of policymakers, involved

an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Defendant had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and other passengers like him and as such, such conduct amounts to gross negligence or malice, as those terms are defined by law, so as to give rise to an award of exemplary or punitive damages, for which Plaintiff now pleads against Defendant. Additionally, by reason of such conduct, Plaintiff is entitled to and therefore asserts a claim for punitive and exemplary damages in an amount sufficient to punish and deter Defendant, and other entities like it, from such conduct in the future.

## VII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.01   Plaintiff claims pre-judgment and post-judgment interest at the maximum rate allowed by law.

## VIII.
## JURY DEMAND

8.01   Plaintiff respectfully requests that the Court impanel a jury to decide all fact issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendant be cited to appear and answer this Complaint and that upon final hearing, Plaintiff recover judgment against Defendant for his damages as they appear at trial hereof together with costs of court, pre-judgment and post-judgment interest, and for such general and equitable relief as Plaintiff may be entitled.

        Respectfully Submitted,

        */s/ James L. Mitchell*
        **JAMES L. MITCHELL**
        State Bar No. 14214300
        Jim@PayneMitchell.com
        **ANDREW S. BULLARD**
        State Bar No. 24104622
        abullard@paynemitchell.com
        **PAYNE MITCHELL RAMSEY LAW GROUP**
        3500 Maple Avenue, Suite 1250
        Dallas, Texas 75219
        214/252-1888 Telephone
        214/252-1889 Facsimile

        ATTORNEYS FOR PLAINTIFF